**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AVALON HOLDINGS CORP., | |
| Plaintiff, | **No. 24-mc-23707** |
| v. | *Miscellaneous action relating to:*<br>No. 18-CV-7291 (DLC) (RJL) (S.D.N.Y.) |
| GUY GENTILE, | |
| Defendant. | |

**Related to:**

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., | **No. 24-mc-23709** |
| Plaintiff, | *Miscellaneous action relating to:*<br>No. 18-CV-8896 (DLC) (RJL) (S.D.N.Y.) |
| v. | |
| GUY GENTILE, | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO MOTION TO QUASH**
**and REPLY IN SUPPORT OF MOTION TO COMPEL NON-PARTY DISCOVERY**

Plaintiffs submit this Reply in Further Support of their Motion to Compel to address the arguments raised in Non-Party Nicholas Abadiotakis' Opposition and Motion to Quash:

1. **These proceedings and the subpoenas are not "stale."**

These proceedings were opened upon registration of the Judgments entered in Plaintiffs' favor by the Southern District of New York pursuant to 28 U.S.C. §1963. A registered judgment is treated exactly as if it were a judgment entered by the federal court of registration, i.e., this Court. Judgments entered by federal courts in this District are enforceable for 20 years from the date of entry, and the same is true for judgments registered in this District pursuant to 28 U.S.C. §1963. *Milliken & Co. v. Haima Grp. Corp.,* 654 F. Supp. 2d 1374, 1379–80 (S.D. Fla. 2009) ("the

Florida Supreme Court held that the twenty (20) year statute of limitations period applied to efforts to enforce a federal judgment registered in Florida") (citing *B.A. Lott, Inc. v. Padgett*, 14 So. 2d 667, 668–69 (Fla. 1943)).

Abadiotakis is aware of Plaintiffs' continued intent to compel his response and deposition in compliance with their outstanding subpoena. Abadiotakis appeared through counsel to oppose Plaintiffs' motion to compel in the S.D.N.Y. and persuaded Magistrate Judge Lehrburger to direct Plaintiffs to file their motion in this Court. *See Avalon Holdings Corp. v. Gentile*, No. 18 Civ. 7291, Order at Dkt. 449 (S.D.N.Y. Oct. 28, 2025). Plaintiffs were required to engage local counsel before they could file their motion in this Court in compliance with Magistrate Judge Lehrburger's order and local requirements.

In the meantime, Plaintiffs continued (and still continue) to pursue additional enforcement discovery in the main proceedings ongoing in the S.D.N.Y. There is nothing stale about Plaintiffs' enforcement efforts, whether in the main S.D.N.Y. proceedings, in these ancillary proceedings before the Court, or with respect to the discovery they seek to compel from Abadiotakis.

2. **Plaintiffs were not required to serve new subpoenas issued by this Court. The S.D.N.Y. is the subpoena "issuing court," while this Court is the "compliance court."**

Federal Rule of Civil Procedure 45, as amended in 2013, provides that a "subpoena must issue from the court where the case is pending." F.R.C.P. 45(a)(2). The subpoena may be signed by an attorney admitted to practice in the "issuing court," F.R.C.P. 45(a)(3), and served anywhere in the United States, F.R.C.P. 45(b)(2). *See generally* F.R.C.P. 45, *2013 Amendment Notes*, Subdivisions (a), (b) ("This subdivision is amended to provide that a subpoena issues from the court where the action is pending. Subdivision (a)(3) specifies that an attorney authorized to practice in that court may issue a subpoena, which is consistent with current practice. … Rule

2

45(b)(2) is amended to provide that a subpoena may be served at any place within the U.S., removing the complexities prescribed in prior versions").

Rule 45(c) provides that subpoenas may require depositions to be conducted and/or documents to be produced within 100 miles of where the witness resides or regularly transacts business "in person." Under F.R.C.P. 37(a)(2) and 45(d)(2), a motion for an order compelling a non-party's compliance with a subpoena must be made in the district where "the discovery will be taken." Rule 45(d)(3) requires that "compliance court" to quash *or modify* a subpoena (from the "issuing court" in the district where the case is pending) that does not provide a reasonable time for compliance, exceeds the 100-mile boundary provided for compliance, or requires disclosure of privileged information.

The bottom line is that the subpoena to Abadiotakis was properly captioned as issued from the Southern District of New York, where the Judgment was entered and where main enforcement proceedings are ongoing before Magistrate Judge Lehrburgrer on reference from Judge Cote. *Avalon Risk Mgmt. Ins. Agency v. Taylor,* No. 13 Civ. 22800, 2014 WL 808156, at *4 & n.3 (S.D. Fla. Feb. 28, 2014) ("Neither party has addressed the change to Rule 45. Under Rule 45 as recently amended, the Subpoena should be issued from the S.D.N.Y., 'where the action is pending'"). Plaintiffs' counsel properly signed the subpoena as attorneys admitted to practice "in that court" (i.e., the S.D.N.Y., as the "issuing court"). The subpoenas issued out of the S.D.N.Y. were properly served on Abadiotakis in Florida under Rule 45.

Under Rule 45 and Magistrate Judge Lehrburger's order, the subpoena must provide for compliance in this District, which is within 100 miles of where Abadiotakis resides or regularly transactions in-person business. This motion to compel compliance with the non-party

3

subpoena, which was properly issued by the S.D.N.Y. and served on Abadiotakis in this District, is properly filed in these proceedings before this Court as the "compliance court."

**3.   The Court should modify the subpoena to address time and place objections.**

Abadiotakis asserts that the subpoena is "void" because the time and place of compliance is indicated as "TBD, via Zoom." Plaintiffs acknowledge that they are required to depose Abadiotakis in Florida per Magistrate Judge Lehrburger's order requiring their motion to compel to be filed in this Court as the "compliance court." Plaintiffs also agree to depose Abadiotakis in person.

Rule 45 authorizes this Court to modify the outstanding subpoena to cure Abadiotakis' objections to the time and place deficiencies identified. Those objections could and should have been raised with Plaintiffs' counsel in response to their repeated requests for a response from Abadiotakis. Given that Plaintiffs agree to depose Abadiotakis in person in Florida, those discussions likely would have obviated the need for these motions. Instead, Abadiotakis, represented by both New York and Florida counsel, chose to ignore the subpoena, treating it as null and void. The subpoena is not void but rather *voidable or **subject to modification*** by this Court. Plaintiffs request entry of an order modifying the Subpoena to provide for:

- Abadiotakis' **production of documents** on or before **May 1, 2026;** and

- Abadiotakis' appearance for an in-person **deposition** at/on: **May 11, 2026, 9:30AM,** Veritext deposition center/offices, **1400 Centrepark Boulevard, Suite 605, West Palm Beach, Florida 33401.**

**4.   Abadiotakis' objections to scope do not excuse his failure to respond.**

Abadiotakis objects to the breadth and scope of the subpoena. The subpoena is not overbroad. F.R.C.P. 69 permits broad discovery as to assets held by judgment debtors. Abadiotakis has served as the trustee for several of Gentile's trusts for over a decade. Abadiotakis actively

manages those trusts and the businesses established and properties purchased by Gentile and placed in those trusts. According to public records and Gentile's own sworn statements, significant assets are held in those trusts, which may be sufficient to satisfy Plaintiffs' Judgments. Plaintiffs are entitled to discovery and an accounting from Abadiotakis of any and all assets held in the trusts, and of all information regarding any assets owned by Gentile that may be subject to a writ of execution or garnishment under applicable Florida procedures. *See* F.R.C.P. 69.

In any event, Abadiotakis' overbreadth objections are not grounds for non-compliance with the subpoena. Abadiotakis should raise specific objections to scope in written responses provided together with any documents that Abadiotakis agrees to produce. Those objections should be raised and discussed by counsel before further motions are filed, as provided by the local rules of both the S.D.N.Y. and this Court.

### **CONCLUSION**

Plaintiffs' request entry of an order modifying the subpoena to provide for non-party Nicholas Abadiotakis' production of documents and written objections by May 1, 2026; his in-person deposition at 1400 Centrepark Boulevard - Suite 605, West Palm Beach, Florida 33401, at 9:30 am, on May 11, 2026; directing his compliance; and denying his motion to quash.

Dated:  April 6, 2026
Respectfully submitted,

| | |
|---|---|
| */s/ Rachel Micah-Jones* | */s/ Miriam Tauber* |
| Rachel Micah-Jones | Miriam Tauber |
| Rachel Micah-Jones, Esq. | (admitted *pro hac vice*) |
| Fl. Bar ID # 693170 | MIRIAM TAUBER LAW PLLC |
| Rachel.MicahJones@gmail.com | MiriamTauberLaw@gmail.com |
| *Local Counsel for Plaintiffs/Judgment Creditors* | *Counsel for Plaintiffs/Judgment Creditors* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I sent copies of the foregoing Reply in Further Support of Plaintiffs' Motion to Compel Non-Party Discovery and in Opposition to Motion to Quash, as follows:

- **To Defendant/Judgment Debtor Guy Gentile**, by email to the email address at which Gentile has consented to receive ECF notices as a *pro se* litigant in the main S.D.N.Y. enforcement proceedings: fightfightfigth@protonmail.com

- **To Non-Party Nicholas Abadiotakis,** c/o counsel (via ECF and email) Lorne E. Berkeley, Esq.: Lorne@BerkeleyLawFL.com

*/s/ Miriam Tauber*
_____

 Miriam Tauber
*Counsel for Plaintiffs/Judgment Creditors*
(admitted *pro hac vice)*